UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ELLIOTT ELLIS LOPEZ, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos. 2:16-CV-26-JRG |
| | ) | 2:07-CR-101-JRG- 1 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 50]. Petitioner bases his request for relief on the United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague [*Id.*]. Respondent agrees Petitioner is entitled to a reduction in sentence with regard to his conviction under 18 U.S.C. § 922(g), but argues that Petitioner's aggregate sentence should remain the same in light of his independent conviction and sentence for violation of 21 U.S.C. § 841(a)(1) [Doc. 52]; Petitioner replied in turn [Docs. 53, 54]. For the reasons stated below, the motion to vacate [Doc. 50] will be **GRANTED** so far as it seeks *Johnson*-based relief; the Court will order a full resentencing hearing to be set as soon as reasonably practicable.

**I.     BACKGROUND**

In 2008, Petitioner pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and possessing with intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) [Doc. 30 ¶¶ 1, 3]. He went on to "knowingly and voluntarily waive the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255,"

except those that involve "claims of ineffective assistance of counsel or prosecutorial misconduct" [*Id.* ¶ 13(b)]. The court ultimately deemed Petitioner to be an armed career criminal under 18 U.S.C. § 924(e) and subject to that provision's fifteen year mandatory minimum sentence [Presentence Investigation Report ("PSR") ¶ 83] based on his prior Tennessee conviction for reckless endangerment [*Id.* ¶ 44] and two New York convictions for attempted first-degree robbery [*Id.* ¶¶ 40–41]. In addition to the foregoing, Petitioner faced an independently enhanced penalty range of ten years' to life imprisonment for his violation of § 841(a)(1) based on the existence of a prior drug conviction for which the United States filed timely notice of enhancement [*Id.* ¶ 44; Doc. 12]. The court ultimately found Petitioner subject to an advisory guidelines range of 188 to 235 months' imprisonment based on his ACCA enhancement [PSR ¶ 84], and sentenced Petitioner to concurrent 188-month terms of imprisonment and concurrent terms of five years' supervised release under § 924(e) and eight years' supervised release under § 841(b)(1)(B) [Doc. 39].

Although Petitioner sought to appeal, the Sixth Circuit ultimately dismissed that appeal on September 11, 2009, as precluded by the appeal waiver contained in his plea agreement [Doc. 46]. Petitioner filed the current § 2255 petition on February 9, 2016, alleging he is no longer an armed career criminal in light of *Johnson* [Doc. 50]. Agreeing in part, Respondent filed a brief urging the Court to amend Petitioner's judgment based on *Johnson* but deny immediate release in light of his unaffected concurrent 188-month sentence for violation of § 841(a)(1) [Doc. 52].

## II. TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action

2

in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The Sixth Circuit decision in *In re Watkins* makes clear that claims based on the Supreme Court's opinion in *Johnson* satisfy the third sub-category—assertion of a newly recognized right made retroactively applicable on collateral review—and thus trigger a renewed one-year statute of limitations running from the date of that decision, June 26, 2015. *See* No. 15-5038, slip op. at 9–10 (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certifying a second petition). The petition falls safely within the one-year period for filing a timely request for relief [Doc. 50].

1. **STANDARD OF REVIEW AND ANALYSIS**

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

III. **ANALYSIS**

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and three years' supervised release, 18 U.S.C. § 3583(b)(2). However, if the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause. *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *with United States v. Bell*,

4

612 F. App'x 378, 379–380 (6th Cir. 2015) (finding *Johnson* precluded defendant from being sentenced as an armed career criminal because one of her three predicate offenses, aggravated assault, failed to qualify under the enumerated-offense and use-of-physical force clauses).

One of Petitioner's three predicate offenses was for felony reckless endangerment [PSR ¶ 44]. *See generally* Tenn. Code Ann. § 39-13-103 (outlining elements of reckless endangerment). The offense does not qualify as a violent felony under the ACCA's use-of-force clause because it only requires reckless conduct. S*ee United States v. McMurray*, 653 F.3d 367, 375 (6th Cir. 2011) ("We conclude that the 'use-of-physical-force' clause of the ACCA . . . requires more than reckless conduct."). In addition, reckless endangerment is not an enumerated violent felony under § 924(e). As such, the offense could only have qualified as a violent felony under the ACCA's residual clause. *See United States v. Bailey*, 246 F. App'x 480, 482 (6th Cir. 2008) (finding that Tennessee reckless endangerment qualified as a violent felony under the ACCA's residual clause).[1] The *Johnson* decision thus dictates that the conviction can no longer be used to

---

[1] Petitioner erroneously asserts that his prior New York attempted first-degree robbery convictions also no longer qualify as violent felonies post-*Johnson* [Doc. 50]. This argument fails, however, due to the fact that New York attempted first-degree robbery "has as an element the . . . attempted use . . . [of] physical force against the person of another" and thus qualifies as a violent felony under the plain language of 18 U.S.C. § 924(e)(2)(B)(i). *See, e.g.*, *United States v. Bennett*, 604 F. App'x 11, 15 (2nd Cir. 2015) (finding that New York attempted first-degree robbery is categorically a violent felony under the ACCA's use-of-physical force clause); *accord United States v. Bogle*, 522 F. App'x 15, 19 (2nd Cir. 2013) (finding that New York attempted second-degree robbery is also categorically a violent felony under the ACCA's use-of-physical force clause). Further, the Court finds Petitioner's reliance on the Sixth Circuit's unpublished decision in *United States v. Bilal*, 610 F. App'x 569 (6th Cir. 2015), unpersuasive because it involved Ohio attempted aggravated robbery instead of New York attempted first degree robbery, failed to address whether the conviction fell within the scope of the ACCA's use-of-force clause, and reached a conclusion contradictory of the Sixth Circuit's prior opinion in *United States v. Mansur*. 375 F. App'x 589, 592 (6th Cir. 2012) (finding Ohio "attempted robbery has as an element the use, attempted use, or threatened use of physical force against the person of another"); *see also United States v. Ballew*, 491 F. App'x 589, 592 (6th Cir. 2012)

5

designate Petitioner an armed career criminal under § 924(e). As a result, Petitioner's 188 month terms of imprisonment and five years' supervised release for the gun offense [Doc. 39] exceeds his maximum authorized sentence as a non-ACCA offender under § 922(g)(1) by 68 months' incarceration and two years' supervised release. *See* 18 U.S.C. § 924(a)(1)(D)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than [ten] years."). The Court thus finds that Petitioner has demonstrated a clear entitlement to relief.

It is well established that courts have "jurisdiction and authority to reevaluate the entire[ty] [of a petitioner's] aggregate sentence" when he or she was convicted of multiple counts, has one of those counts modified on collateral review, and his or her original sentence consisted of a unified "package" or interdependent "components of a single comprehensive sentencing plan." *Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997); s*ee also United States v. Gordils*, 117 F.3d 99, 102 (2nd Cir. 1997) (explaining "the district court's power extends not just to the conviction attacked by a defendant but to an aggregate . . . term of imprisonment"). Had Petitioner never been classified as an armed career criminal, the quantity of drugs involved in his violation of § 841(a)(1) would have yielded a base offense level of twenty-four and total offense level of twenty-one [PSR ¶¶ 24, 37]. When combined with Petitioner's criminal history of VI [*Id.* ¶ 54], the corresponding guidelines range would have been 77 to 96 months' imprisonment, restricted by a 120-month statutory mandatory minimum and eight years' supervised release under § 841(b)(1)(B) [*Id.* ¶ 86]. Faced with the foregoing advisory range, criminal history, and maximum 120-month term on the gun offense, the Court cannot say that it would have sentenced Petitioner to 188 months for violation of § 841(a)(1).

---

(recognizing that Tennessee attempted robbery is a violent felony under the ACCA's use-of-force clause).

6

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). For purpose of the current case, the Court finds resentencing on both the gun and drug offenses to be the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

## IV. CONCLUSION

For the reasons discussed above, Petitioner's motion [Doc. 50] will be **GRANTED** so far as it seeks *Johnson*-based relief. As such, the judgment dated September 26, 2008 is **VACATED** and resentencing will be scheduled by order as soon as reasonably practicable.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE